# IN THE SUPREME COURT OF THE STATE OF NEVADA

MICHAEL DOMINGUES,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 69140

FILED

JUL 27 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER AFFIRMING IN PART, REVERSING IN PART AND REMANDING

This is an appeal from an order of the district court denying postconviction petitions for writs of habeas corpus. Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge.

Appellant Michael Domingues argues that the district court erred in denying his claim that his trial counsel was ineffective at the penalty hearing with respect to the investigation and presentation of mitigation evidence. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Both components of the inquiry must be shown, *id.* at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004).

SUPREME COURT
OF
NEVADA

(O) 1947A

17-25008

This court gives deference to the district court's factual findings if supported by substantial evidence and not clearly erroneous but reviews the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005). An evidentiary hearing is required where a petitioner raises claims supported by specific facts, which if true, would entitle him to relief. *Hargrove v. State*, 100 Nev. 498, 686 P.2d 222 (1984).

Domingues argues that his trial counsel was ineffective for failing to investigate and prepare a comprehensive mitigation case and failing to present expert witnesses relating to juvenile transient immaturity and future dangerousness. In support of his claims, Domingues presented declarations and other documents indicating that his father was physically and mentally abusive, the family unit was severely dysfunctional, and he was confused about his racial identity throughout his childhood. Further, Domingues presented an affidavit from a mental health professional discussing youth and the transient immaturity factors outlined by the Supreme Court in *Miller v. Alabama*, 132 S. Ct. 2455 (2012), and *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016), and how these factors were exacerbated by Domingues' troubled childhood.

The district court denied these claims without conducting an evidentiary hearing, determining that trial counsel had adequately presented the themes contained within the supporting documents without providing further aggravating evidence for the State, that Domingues only speculated that his trial counsel never saw the documents gathered in support of his petition, and that the State would have been able to rebut defense expert testimony with its own experts. The district court further

stated that additional mitigating evidence was likely not presented for strategic reasons. Finally, the district court determined additional mitigating evidence would not have had a reasonable probability of resulting in a sentence of life with the possibility of parole.

The Supreme Court has recognized that counsel in a capital case has an obligation to conduct a thorough investigation of the defendant's background.[1] *Wiggins v. Smith*, 539 U.S. 510, 522 (2003). A thorough investigation is one that is reasonable given the circumstances; therefore, counsel is "not require[d] . . . to investigate every conceivable line of mitigating evidence no matter how unlikely the effort would be to assist the defendant at sentencing." *Id.* at 533. The prejudice prong requires the court to "evaluate the totality of the available mitigation evidence—both that adduced at trial, and the evidence adduced in the habeas proceeding." *Williams v. Taylor*, 529 U.S. 362, 397 (2000). In *Williams*, the Court recognized that "the graphic description of Williams' childhood, filled with abuse and privation, or the reality that he was 'borderline mentally retarded,' might well have influenced the jury's appraisal of his moral culpability." *Id.* at 398. Ultimately, the Court determined that the lower court had correctly concluded that the "entire postconviction record, viewed as a whole and cumulative of mitigation evidence presented originally, raised 'a reasonable probability that the result of the sentencing proceeding would have been different' if competent counsel had presented and explained the significance of all the available evidence." *Id.* at 399. In the context of juvenile offenders, the Supreme Court has long recognized that juveniles are less culpable than adults, *see*

---

[1]Domingues was originally sentenced to death.

*Thompson v. Oklahoma*, 487 U.S. 815, 834-35 (1988), and that a juvenile's family history can be compelling mitigation evidence, *see Eddings v. Oklahoma*, 455 U.S. 104, 115 (1982) (recognizing that "there can be no doubt that evidence of a turbulent family history, of beatings by a harsh father, and of severe emotional disturbance is particularly relevant" as mitigating evidence in a capital case when the defendant was 16 years old at the time of the offense).

We conclude that the district court erred in denying the petition without conducting an evidentiary hearing. The mitigation evidence presented to the jury only superficially touched on the themes of Domingues' dysfunctional childhood. The new mitigating evidence regarding his parents and his childhood appears to present a much grimmer and starker picture than that presented to the jury. And contrary to the district court's determination, without an evidentiary hearing, it is impossible to determine whether trial counsel was aware of the additional evidence or viewed the supporting documents. Although there may be some negative information in the documents presented in support of the petition, the information could support a more comprehensive mitigation case focused on Domingues' age. And most importantly, the jurors were not presented with any expert testimony that would aid them in the understanding of transient juvenile immaturity characteristics or future dangerousness.[2] Notably, although the district court found that the State would have rebutted this testimony with their own expert testimony, no such experts were identified nor was the alleged

_____

[2]Domingues' trial counsel made only a cursory mention of youth as a mitigating factor and at times appeared to even argue against the lesser culpability of juveniles.

SUPREME COURT
OF
NEVADA

(O) 1947A

4

substance of this potential testimony presented to the district court.[3] In this case, the prejudice prong under *Strickland* requires the court to hear the mitigation case and any rebuttal evidence of the State and consider all of the evidence in light of the evidence presented at the penalty hearing. *See Williams*, 529 U.S. at 397-98. Further, the district court's prejudice analysis incorrectly focused on whether Domingues would receive a particular sentence, life with the possibility of parole, rather than whether there was a reasonable probability of a different outcome at the penalty hearing in which he received the death sentence. Thus, we reverse and remand for an evidentiary hearing on Domingues' claims that his trial counsel was ineffective for failing to investigate and prepare a comprehensive mitigation case and failing to present expert testimony relating to juvenile transient immaturity and information regarding future dangerousness.[4]

Domingues next argues that his sentence of life without the possibility of parole is unconstitutional under *Montgomery*. In *Montgomery*, the Supreme Court determined that based upon its prior

---

[3]We note that if Domingues' crimes had been committed today the court would be required to consider differences between juvenile and adult offenders before imposing a sentence, *see* NRS 176.017, and Domingues would not be eligible to receive a sentence of life without the possibility of parole for the very same crimes, *see* NRS 176.025.

[4]We note that postconviction counsel presented this court with an incomplete record for review—omitting the penalty hearing transcripts as well as the supporting documentation for this claim. *See* NRAP 30. We were able to review Domingues' claims of ineffective assistance of counsel only because the State presented these documents for this court's review. Postconviction counsel is cautioned that such derelictions may result in a claim not being considered in future cases.

holding in *Miller*, a sentence of life without parole would "violate[ ] the Eighth Amendment for a child whose crime reflects 'unfortunate yet transient immaturity,'" or said in another way, a life without sentence is "excessive for all but 'the rare juvenile offender whose crime reflects irreparable corruption.'" *Montgomery*, 136 S. Ct. at 734 (citations omitted). The *Montgomery* Court further recognized that *Miller*'s holding contains a procedural component—a hearing to consider "'youth and its attendant characteristics'" to give "effect to *Miller*'s substantive holding that life without parole is an excessive sentence for children whose crimes reflect transient immaturity." *Id.* at 735 (citations omitted). *Montgomery* notes that eventual release is never required but "[t]he opportunity for release will be afforded to those who demonstrate the truth of *Miller*'s central intuition—that children who commit even heinous crimes are capable of change." *Id.* at 736. Notably, the holding in *Miller* applies retroactively. *Id.* at 734.

Domingues did not raise any claim relating to *Montgomery* or *Miller* in the petition below. Thus, we decline to consider it in the first instance. However, in light of the fact that the holding in *Miller* is retroactive and may have a significant impact on the sentences imposed in this case, and in the interests of judicial economy, we conclude that upon remand, Domingues may be permitted to amend his petition to include a claim challenging his sentence as excessive under *Miller/Montgomery*.[5] *See* NRS 34.750(5).

---

[5]If the district court determines that relief is warranted based upon *Miller/Montgomery*, the claims relating to the first penalty hearing would be rendered moot and the district court would not be required to conduct an evidentiary hearing on the ineffective-assistance claims.

Finally, we determine that Domingues' remaining claims, that his trial counsel was ineffective in regard to jury instructions and his postconviction counsel was ineffective, lack merit. Thus, we affirm that portion of the district court's order denying relief. Accordingly, we

ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:    Hon. Michelle Leavitt, District Judge
       Law Office of Lisa Rasmussen
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk